# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

THE BANK OF NEW YORK MELLON,

        Plaintiff,

v.                                        Case No. 6:15-cv-1507-Orl-37GJK

UNITED STATES OF AMERICA,

        Defendant.

## ORDER

This cause is before the Court on the following:

1. The Court's Order to Show Cause (Doc. 23), filed December 21, 2015;

2. Motion to Dismiss Amended Complaint by United States (Doc. 24), filed December 28, 2015; and

3. Plaintiff's Response to Court's Order to Show Cause (Doc. 25), filed December 28, 2015.

Upon consideration, the Court finds that the Motion to Dismiss is due to be denied and the Court's Order to Show Cause (Doc. 23) is due to be discharged.

## BACKGROUND

This action arises from a prior state court action ("**First Action**") to foreclose a mortgage ("**Mortgage**") on real property located in Orange County ("**Property**"). (*See* Doc. 22, ¶¶ 1, 3, 5–6.) Specifically, in the First Action, Plaintiff—the assignee of the Mortgage—initiated a foreclosure action against the prior owners of the Property. (*Id.* ¶¶ 5, 6.) At the conclusion of the First Action, final judgment was entered in Plaintiff's favor. (*Id.* ¶ 6; *see also* Doc. 22-1, pp. 19–22.) Plaintiff then purchased the Property as

the highest bidder at a subsequent clerk's sale. (Doc. 22 ¶ 8; *see also* Doc. 22-1, p. 23.)

On August 11, 2015, Plaintiff initiated a second action ("**Instant Action**") in state court to re-foreclose the Mortgage against the United States ("**Government**")—a junior lienholder of a federal tax lien ("**Lien**") on the Property.[1] (*See* Doc. 2 ("**Original Complaint**").) In the Instant Action, Plaintiff alleges that the Government was inadvertently omitted from the First Action. (Doc. 22, ¶ 9.) The Government timely removed the Instant Action to this Court pursuant to 28 U.S.C. § 1442(a)(1) and § 1444. (Doc. 1.)

Shortly thereafter, the Government moved to dismiss the Instant Action on the ground that the Court lacked subject matter jurisdiction. (Doc. 12 ("**First MTD**").) Specifically, the Government argued that, pursuant to 28 U.S.C. § 2410, it has waived sovereign immunity for foreclosure actions where the Plaintiff seeks a judicial sale, but it has not waived sovereign immunity for re-foreclosure actions where the plaintiff seeks only to compel the junior lienholder to exercise his right of redemption in a specified time frame. (*See id.* at 3, 5–6.) In its response, Plaintiff agreed that the Court should grant the First MTD without prejudice. (Doc. 20.) Consequently, the Court granted the First MTD and permitted Plaintiff to file an amended complaint. (Doc. 21.)

Plaintiff's Amended Complaint (Doc. 22) differs substantively from the Original

---

[1] The nature of a re-foreclosure action is as follows. "[W]hen a first mortgage has been foreclosed in a suit to which a junior mortgagee, through inadvertence, was not made a party, a purchaser in possession under the sale may maintain a suit to compel the junior mortgagee to exercise his right of redemption within a reasonable time, just as he could have been compelled to exercise it in the original foreclosure had he been made a party thereto." *Quinn Plumbing Co. v. New Miami Shores Corp.*, 129 So. 690, 692 (Fla. 1930). If the junior mortgagee does not exercise this right within such time, it may be foreclosed and barred. *Id.*

2

Complaint in only two respects. First, the Amended Complaint asserts that the Court has diversity jurisdiction over the Instant Action pursuant to 28 U.S.C. § 1332. (Doc. 22, ¶ 2.) Second, the Amended Complaint requests that the Court: (1) adjudge that Plaintiff's mortgage is superior to that of the Government's; (2) order foreclosure of the Government's Lien; (3) determine the remaining amount due to Plaintiff under the Mortgage ("**Principal Balance**"); and (4) order that the Property be sold to satisfy Plaintiff's claims if the Principal Balance is not paid within a time set by the Court (collectively, "**Demand for Relief**"). (*Id.* at 3.) In contrast, the Original Complaint: (1) did not set forth a basis for federal jurisdiction; (2) alleged only that to avoid re-foreclosure, Government must redeem the Property within a time frame set by the Court by paying the Principal Balance; and (3) demanded judgment of re-foreclosure against the Government in the amount of the Principal Balance. (Doc. 2, p. 3.)

Finding that 28 U.S.C. § 1332 does not provide a jurisdictional basis for an action in which the Government is a defendant, the Court ordered Plaintiff to show cause by written response as to why the action should not be dismissed for lack of subject matter jurisdiction. (Doc. 22 ("**OTSC**").) In response, Plaintiff contends that: (1) removal would only have been appropriate if the Court had subject matter jurisdiction; (2) the Court has jurisdiction under 28 U.S.C. §§ 1332, 1444, and 1346(f); and (3) if the Court determines that it does not have subject matter jurisdiction, it should remand the case to state court rather than dismiss it. (Doc. 25.) On the same day that Plaintiff responded to the Court's OTSC, the Government moved for dismissal on the essentially same grounds as those in its First MTD. (Doc. 24 ("**Second MTD**").) Notably, however, in the Second MTD, the Government argues that although the Amended Complaint seeks re-foreclosure of the

Mortgage and sale of the Property, Plaintiff no longer has a mortgage that can be foreclosed because Plaintiff is the title owner of the Property. (*Id.* at 3.) Plaintiff did not respond to the Second MTD and the time for doing so has long passed. As such, the matter is ripe for the Court's consideration.

## STANDARDS

### I. Removal Jurisdiction and Subject Matter Jurisdiction

Removal jurisdiction is "a species" of subject matter jurisdiction. *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247 (11th Cir. 2004). It exists where the court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). A lack of removal jurisdiction is equivalent to a lack of subject matter jurisdiction where the district court lacks original jurisdiction to entertain the suit. *See Cogdell*, 366 F.3d at 1247–48.

In removal actions, the defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists, *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001), and "all doubts about jurisdiction should be resolved in favor of remand to state court." *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

### II. Sovereign Immunity

"The doctrine of sovereign immunity prohibits suits against the [Government] unless the [Government] specifically consents to be sued." *Hardy v. United States* (*In re Hardy*), 97 F.3d 1384, 1388 (11th Cir. 1996). To be effective, "waivers of the Government's sovereign immunity must be unequivocally expressed and are not generally to be liberally construed.'" *Id.* (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–34 (1992)).

"Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the Government's] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994) (quoting *United States v. Sherwood,* 312 U.S. 584, 586 (1941)).

## DISCUSSION

Two distinct issues lie at the heart of this dispute: (1) first, whether the Court has subject matter jurisdiction under any of the removal statutes tendered by the parties; and (2) second, whether the doctrine of sovereign immunity bars this suit. The Court will consider each issue in turn.

**I.    Subject Matter Jurisdiction**

Collectively, the parties present four jurisdictional bases on which the Court may proceed in this action. The first statute is 28 U.S.C. § 1442(a)(1), which—in relevant part—permits the removal of a civil action initiated against the United States, or any agency thereof, on account of any right, title, or authority claimed under any Act of Congress for the collection of revenue. The Instant Action squarely falls into this category.

Second, both Plaintiff and the Government contend that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1444, which authorizes the removal of any action brought under 28 U.S.C. § 2410 against the United States in state court. In turn, § 2410 allows the United States to be named a party in any civil action in federal district court or state court that, with respect to real or personal property on which the United States has, or claims, a mortgage or lien, seeks: (1) to quiet title; (2) to foreclose a mortgage or other lien; (3) to partition; (4) to condemn; or (5) interpleader. Importantly, § 2410(c) requires that "an action to foreclose a mortgage or other lien,

naming the United States as a party under this section, must seek judicial sale" ("**Sale Requirement**"). Upon consideration, the Court finds that: (1) the Instant Action falls under § 2410(2); and (2) the Demand for Relief in the Amended Complaint satisfies the Sale Requirement. Therefore, the Court also possesses jurisdiction pursuant to § 1444.

Third, Plaintiff contends that the Court has diversity jurisdiction over the Instant Action pursuant to 28 U.S.C. § 1332. However, as intimated in its OTSC, the Court perceives no jurisdictional basis on which a Plaintiff may proceed against the Government under § 1332, as the Government is neither a citizen of a state nor a subject of a foreign state. *See* 28 U.S.C. § 1332. Ergo, contrary to Plaintiff's contention, the Court does not possess diversity jurisdiction over the Instant Action.

Finally, Plaintiff argues that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1346(f), which provides that "[t]he district courts shall have exclusive original jurisdiction under section 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States." However, because § 2409 does not apply to actions which may be brought under § 2410, the Court concludes that it does not have subject matter jurisdiction under § 1346(f).

Nonetheless, the Court has determined that the Instant Action is properly before the Court pursuant to §§ 1442(a)(1) and 1444; thus, the Court has subject matter jurisdiction over this action.

## II. Sovereign Immunity

Having concluded that the Court has subject matter jurisdiction, the Court will now address whether the instant action is barred by the doctrine of sovereign immunity. Upon consideration, the Court finds that it is not.

While sovereign immunity implicates the Court's subject matter jurisdiction, or power to hear the case, *see Meyer*, 510 U.S. at 475, the two are distinct in their operation. Indeed, sovereign immunity operates similarly to an affirmative defense and may be expressly waived. *See generally id.* On the other hand, because federal courts are courts of limited jurisdiction, subject matter jurisdiction—as conferred and defined by statute—must be affirmatively demonstrated at the outset of the action. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000). Furthermore, a defense that the Court lacks subject matter jurisdiction can never be waived. *See* Fed. R. Civ. P. 12(h)(3).

Pursuant to 28 U.S.C. § 2410, the Government has waived its sovereign immunity for civil actions to foreclose a mortgage on property on which it claims a lien, so long as such action seeks a judicial sale. According to the Demand for Relief in the Amended Complaint, Plaintiff is seeking a judicial sale in the Instant Action. (Doc. 22, p. 3.) As such, the Court finds that the Government has waived its sovereign immunity.

In particular, the Court rejects the Government's argument that Plaintiff cannot seek a judicial sale as the title owner of the Property because it no longer has a mortgage that can be foreclosed. (*See* Doc. 24, p. 3.) Indeed, the Government's contention flies in the face of the very nature of a re-foreclosure action, where, as to the omitted lienholder, "the situation is the same as if no foreclosure had occurred." *Quinn*, 129 So. at 692. As set forth by the Florida Supreme Court, in an action to re-foreclose a mortgage, the purchaser of mortgaged property at a foreclosure sale, "becomes entitled to an action de novo for the foreclosure of such mortgage against all parties holding junior [e]ncumbrances who were omitted as parties to the foreclosure proceedings under which the purchaser bought [the property]." *Id.* In such an action, the Court may either:

(1) require that the junior lienholder exercise his right of redemption; or (2) order a foreclosure and sale. *Id.* at 693. As Plaintiff has sought both of these alternative remedies in its Demand for Relief, the Court sees no basis for the Government's Second MTD and finds that is due to be denied.[2]

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The Court's Order to Show Cause (Doc. 23) is **DISCHARGED**.
2. The Motion to Dismiss Amended Complaint by United States (Doc. 24) is **DENIED**.
3. On or before Wednesday, **June 8, 2016**, Defendant shall file a responsive pleading to Plaintiff's Amended Complaint (Doc. 30) pursuant to Fed. R. Civ. P. 12(a)(4)(A).

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 25, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

---

[2] As a final matter, the Court is troubled by the Government's purported removal of the Instant Action pursuant to the very statute under which it now contends that the Court lacks subject matter jurisdiction. This sort of jurisdictional forum selection gamesmanship is unwelcome.